IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| LENNY L. CAIN, | * | |
| Petitioner | * | |
| v | * | Civil Action No. ELH-15-3737 |
| WARDEN SPAULDING, et al., | * | |
| Respondents | * | |

\*\*\*

MEMORANDUM

On January 23, 2002, petitioner Lenny L. Cain pleaded guilty, in the Circuit Court for Baltimore City, to one count of conspiracy to possess cocaine with the intent to distribute,[1] and as a result was sentenced to 18 months imprisonment. ECF 4-1; ECF 4-2. On December 7, 2015, Cain filed the instant petition for writ of habeas corpus. ECF 1. In apparent recognition that the term in question has expired, Cain alleges that he is "in custody" for purposes of habeas review because the state conviction was relied upon to enhance a federal sentence later imposed.[2] ECF 1 at 6.

In response to the petition, respondents argue that Cain is no longer "in custody" for purposes of habeas review. ECF 4. Petitioner has not filed a reply. The court finds a hearing in this matter unnecessary.[3]

---

[1] Cain is currently a federal inmate incarcerated in FCI Allenwood, Pennsylvania. ECF 1.

[2] In recognition that he is no longer in custody regarding the state sentence, Cain's only challenge to the state court conviction was a petition for writ of error coram nobis, filed in the state court in 2013. The petition was denied. ECF 4-1 at 5-7.

[3] *See* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts* and Local Rule 105.6 (D. Md. 2014); *see also Fisher v. Lee*, 215 F. 3d 438, 455 (4th Cir. 2000) (petitioner not entitled to a hearing under 28 U.S.C. §2254(e)(2)).

Under 28 U.S.C. § 2254(a) "[t]he Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person *in custody pursuant to the judgment of a State court* only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." (Emphasis added). The custody requirement is not satisfied where the conviction under attack was merely used to enhance a later-imposed sentence. *See Maleng v. Cook*, 490 U.S. 488, 492 (1989). Federal habeas relief is unavailable where a petitioner "suffers no present restraint from a conviction." *Id*. Thus, where a sentence has fully expired, the custody requirement is not satisfied and this court has no jurisdiction to consider the claims raised. *Id*. at 490; *see also Lackawana County Dist. Attorney v. Coss*, 532 U.S. 394, 401 (2001) (recognizing that "in custody" requirement precluded defendant no longer serving sentence imposed on 1986 convictions from bringing federal habeas petition directed solely at those convictions). As Cain is not "in custody" on his state conviction, his petition will be denied.

When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rouse v. Lee,* 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. Daniel,* 529 U.S. 473, 484 (2000)). Petitioner has not met this standard. By separate Order which follows, the petition for writ of habeas corpus shall be dismissed and a Certificate of Appealability shall not issue.

<u>March 4, 2016</u>                                             _____/s/_____
Date                                                                Ellen L. Hollander
                                                                    United States District Judge